UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 07-51(DSD/RLE)

United States of America,

       Plaintiff,

v.                                              **ORDER**

Dean D. Hughson,

       Defendant.

This matter is before the court upon defendant's objections to the report and recommendation of Magistrate Judge Raymond L. Erickson, dated April 26, 2007. In his report, the magistrate judge recommended that defendant's motion to dismiss the indictment be denied. Following a de novo review of the magistrate judge's findings and recommendations, 28 U.S.C. § 636(b)(1)(C), the court adopts the report and recommendation.

**DISCUSSION**

On March 7, 2005, defendant Dean D. Hughson testified before a United States grand jury regarding allegations of potential bank fraud. Based on portions of his grand jury testimony, Hughson was indicted for obstruction of justice and perjury in violation of 18 U.S.C. §§ 1512(c) and 1623. Defendant moved to dismiss the indictment based on the Supreme Court's holding in <u>Bronston v. United States</u> that problems "arising from the literally true but unresponsive answer are to be remedied through the 'questioner's

acuity' and not by a federal perjury prosecution." 409 U.S. 352, 362 (1973). The magistrate judge determined that the pretrial dismissal of the indictment based on the nature and context of the questioning at issue would be premature, the perjury count is not duplicitous and the government's alleged failure to follow internal guidelines regarding individuals targeted for perjury does not require dismissal of the indictment.

Defendant objects, arguing that the confusing, ambiguous and imprecise nature of the questions defendant answered require pretrial dismissal of the counts against him. "Precise questioning is imperative as a predicate for the offense of perjury." Id. However, the "intended meaning of a question and answer are matters for the jury to decide." United States v. Williams, 552 F.2d 226, 229 (8th Cir. 1977); see also United States v. Hirsch, 360 F.3d 860, 863 (8th Cir. 2004). Upon a review of defendant's testimony before the grand jury, the question-and-answer segments for which defendant was charged with perjury and obstruction of justice and the elements of each offense, the court finds that the questioning and testimony are not so fundamentally vague or ambiguous to warrant pretrial dismissal of the charges as a matter of law.

Defendant further objects to the magistrate judge's determination that count one of the indictment is not duplicitous. An indictment is duplicitous if the government joins two distinct and separate offenses in a single count. See United States v.

<u>Sarihifard</u>, 155 F.3d 301, 310 (4th Cir. 1998) (distinguishing elements of offense of perjury with instances of conduct of perjury).  In this case, the government has not joined distinct offenses in a single count.  Rather, count one identifies six statements that constitute separate instances of conduct formulating the basis for a single count of perjury.  Furthermore, the magistrate judge correctly reasoned that the use of a special verdict form would ensure that a jury unanimously agrees as to which, if any, statements are determined to constitute perjury.[1]

Lastly, defendant provides the court no legal authority to support his argument that the government's failure to follow internal policies warrants dismissal of the charges against him.

For these reasons, following a de novo review of the file and record, the court adopts the report and recommendation of the magistrate judge [Docket No. 27].

**CONCLUSION**

Therefore, **IT IS HEREBY ORDERED** that defendant's motion to dismiss the indictment [Docket No. 10] is denied.

Dated:  May 17, 2007

                                        <u>s/David S. Doty</u>
                                        David S. Doty, Judge
                                        United States District Court

---

[1] Defendant additionally objects to the use of a special verdict form.  However, such an objection is premature and insufficient to circumvent the court's conclusion that dismissal of the indictment as duplicitous is not warranted.